UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KAREN MARIE ADAMS, formerly
known as Karen Marie Davis,

                              Plaintiff,

      v.                                                          8:07-CV-0452
                                                                   (LEK/RFT)

KATHRYN WILSON SMITH; KENNETH L. SMITH;
DONALD E. LOREMAN, SR., individually and doing
business as Keeseville Launderette and C & D Enterprises;
CAROLYN LOREMAN, individually and doing
business as Keeseville Launderette and C & D Enterprises;
MARK J. WHITNEY, individually and as Mayor of the
Village of Keeseville; GEORGE HEAD, individually and
as Justice of the Village Court of Keeseville; EDWARD
BEZIO, individually and former Mayor of the Village of
Keeseville; WILLIAM SEAVER, individually and as
employee of the Village of Keeseville Court; THE VILLAGE
OF KEESEVILLE; EVAN BRACY; NILES, PILLAR, &
BRACY; THOMAS G. TOBIN, SR.; STANDARD
FEDERAL BANK, as successor by merger to ABN AMRO
Mortgage Group, it successors in interest, agents &/or
assigns, Agent for Secretary of Housing & Urban
Development ("HUD"); WILLIAM O'CONNOR; and
THE STATE OF NEW YORK,

                              Defendants.

APPEARANCES:

KAREN MARIE ADAMS
  formerly known as Karen Marie Davis
Plaintiff *pro se*

LAWRENCE E. KAHN, United States District Judge

**DECISION and ORDER**

I.      **Background.**

      The Clerk of the Court has sent Plaintiff Karen Marie Adams' second amended complaint

to the Court for its review. The second amended complaint was submitted by Plaintiff in

compliance with the Memorandum Decision and Order issued by this Court on May 24, 2007. Dkt. No. 5 ("May 24, 2007 Order").  In the May 24, 2007 Order, the Court advised Plaintiff that many of her allegations were time-barred.  The Court also dismissed many of the defendants from the action on the basis of judicial immunity or failure to allege state action.  See May 24, 2007 Order.

In her second amended complaint, Plaintiff alleges, *inter alia*, that she has been harassed, defrauded and tricked into entering into contracts to Plaintiff's detriment.  Plaintiff also seems to claim that Defendants have conspired with each other to destroy Plaintiff's financial condition, to breach various contracts, and to violate Plaintiff's civil rights.  Dkt. No. 7 at 5-47.  Additionally, Plaintiff alleges that Defendant Standard Federal Bank, through its predecessor ABN AMRO, subjected Plaintiff to "a pattern of abuses and negligence going at least as far back as January 2003 and continuing to the present."  Id. at 47.  Plaintiff also seems to allege that ABN AMRO and the Village of Keeseville violated Plaintiff's rights under the Fair Debt Collection Practices Act.  Id. at 59-60. Additionally, Plaintiff seeks damages from Defendants for intentional infliction of emotional distress.  Id. at 59.  For a more complete statement of Plaintiff's claims, reference is made to her second amended complaint.  Dkt. No. 7.

A.  **Statute of limitations**

Plaintiff was previously advised that the statute of limitations for actions commenced pursuant to 42 U.S.C. § 1983 is three years.  Dkt. No. 5 at 5-6; see also Pinaud v. County of Suffolk, 52 F.3d 1139, 1156 (2d Cir. 1995).  Since Plaintiff's original complaint was filed on April 26, 2007, Plaintiff was advised that any further amended complaint that she filed pursuant to § 1983 should only contain claims which occurred no more than three years prior to April 26,

2007. Dkt. No. 5 at 6. The Court has reviewed Plaintiff's second amended complaint and finds that all of the wrongdoing described in paragraphs 19 through 36 of the second amended complaint are alleged to have occurred in 2003. Accordingly, the allegations contained in paragraphs 19 through 36 inclusive, are dismissed from this action as time-barred.[1]

**B.    State action**

Plaintiff's second amended complaint continues to assert § 1983 claims against Kathryn Wilson Smith; Kenneth L. Smith; Donald E. Loreman, Sr.; Carolyn Loreman; Evan Bracy; Niles, Piller, & Bracy; and Thomas G. Tobin, Sr.[2] Plaintiff again alleges that these private parties conspired with the Village of Keeseville, and its officials, to deprive Plaintiff of her constitutional rights. Dkt. No. 7 at 5-47. Plaintiff was previously advised that parties may not be held liable under Section 1983 unless it can be established that they have acted under the color of state law. See, e.g. Rounseville v. Zahl, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under § 1983); Wise v. Battistoni, 92-Civ-4288, 1992 WL 380914, *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted). State action is an essential element of any § 1983 claim. See Gentile v. Republic Tobacco Co., No. 95-CV-1500, 1995 WL 743719, *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, D.J.) (citing Velaire v. City of Schenectady, 862 F.Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, C.J.) (citation omitted)).

"In order to state a claim under § 1983, a plaintiff must allege that he was injured

---

[1] Other allegations contained in the second amended complaint may also be time-barred, however, the Court has insufficient information to dismiss any other possible untimely claims at this time. Defendants may, of course, address the timeliness of the remaining claims in any response that they may file to the second amended complaint.

[2] Plaintiff's allegations against these defendants are essentially for breach of contract and tort which are not, under the facts presented in this action, a federal question.

> by either a state actor or a private party acting under color of state law." Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002). A private actor acts under color of state law when the private actor "is a willful participant in joint activity with the State or its agents." Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970) (internal quotations omitted). A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity. See Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir.1992).

Mione v. McGrath, 435 F.Supp.2d 266, 272 (S.D.N.Y. 2006). Plaintiff has again failed to allege a § 1983 action against Kathryn Wilson Smith; Kenneth L. Smith; Donald E. Loreman, Sr.; Carolyn Loreman; Evan Bracy; Niles, Piller, & Bracy; and Thomas G. Tobin, Sr. Accordingly, Plaintiff's § 1983 claims against these Defendants are dismissed.

**C.    Section 1985 claims**

> To state a claim under 42 U.S.C. 1985(3),[3] a Plaintiff must allege
>
> "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of the citizens of the United States.'" Fox v. City of New York, No. 03 Civ. 2268, 2004 WL 856299, at *9 (S.D.N.Y. Apr. 20, 2004) (quoting Mian [v. Donaldson, Lufkin & Jenrette Securities Corp.], 7 F.3d [1085,] at 1087-88) [(2d Cir. 1993)]. "A plaintiff states a viable cause of action under § 1985 [excepting clause 1 of § 1985(2) ] only by alleging a deprivation of his rights on account of his membership in a particular class of individuals." Zemsky v. City of New York, 821 F.2d 148, 151 (2d Cir.1987) (modification in original).

Mione, 435 F.Supp.2d at 271 -272.  "[T]he conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators'

---

[3] Although the complaint does not specify, it appears to this Court that plaintiff's claims fall under § 1985(3), which concerns acts which deprive a person of his federal rights or privileges. Section 1985(1) relates to preventing an officer from performing his duty. Section 1985(2) concerns obstructing justice or intimidating a party or witness in any United States Court. Neither subparagraphs (1) or (2) have any relevance to plaintiff's claims.

4

action.'" Mian, 7 F.3d 1085 at 1088 (citation omitted).  Plaintiff's § 1985 claims fail because she does not allege any facts to support a finding that the defendants were conspiring against her on account of her race or some other invidious discrimination.  See Amadasu v. Ngati, No. 05 Civ. 2585, 2006 WL 842456, at *7 (E.D.N.Y. Mar. 27, 2006); see also Atuahene v. City of Hartford, Nos. 3:01-CV-02269 and 3:01-CV-02270, 2007 WL 1670374, at *6 (D. Conn. Jun. 11, 2007). Accordingly, Plaintiff's Section 1985 claims are dismissed.

**D.     Section 1986 claims**

Plaintiff also alleges claims pursuant to 42 U.S.C. § 1986.  Section 1986 "provides a cause of action against anyone who 'having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so.' " Atuahene, 2007 WL 1670374, at *6 (citing Mian, 7 F.3d at 1088 (other citation omitted)).  A plaintiff's "failure to state a claim under Section 1985 is fatal to [the] Section 1986 claim." Amadasu, 2006 WL 842456, at *7.  Since Plaintiff's § 1985 claims are dismissed, Plaintiff's § 1986 claims must also be dismissed.

**E.     George Head, Village Justice**

Plaintiff continues to assert allegations of wrongdoing against George Head, formerly the Village Justice of Keeseville.[4]  Plaintiff is again advised that to the extent that Head was acting in the course of his judicial duties, he is absolutely immune from liability.  See May 24, 2007 Order at 7-8; see also Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994).  "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Young, 41 F.3d at 51 (internal quotations

---

[4] Plaintiff indicates that George Head is now deceased.  Dkt. No. 7 at 4.

5

omitted).

Plaintiff now, however, also alleges that Head stalked, harassed, and slandered Plaintiff. Dkt. No. 7 at 21 and 23. To the extent that Plaintiff claims that these actions by Head were not within the scope of his judicial duties and therefore not entitled to the protection of judicial immunity, these allegations against Head nonetheless fail to state a claim.

> In order to maintain a section 1983 action, two essential elements must be present: (1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986). Courts have had frequent occasion to interpret the term "color of law" for the purposes of section 1983 actions, and it is by now axiomatic that "under 'color' of law means under 'pretense' of law" and that "acts of officers in the ambit of their personal pursuits are plainly excluded." Screws v. United States, 325 U.S. 91, 111 (1945).

Pitchell v. Callan, 13 F.3d 545, 547-48 (2d Cir. 1994); see also Costello v. Norton, No. 96-CV-1634, 1998 WL 743710, at *10 (N.D.N.Y. Oct. 21, 1998) (a state trooper acting in his capacity as a private citizen is not acting under color of state law). Plaintiff's allegations against Defendant Head, though disturbing if true, do not form the basis of a § 1983 action.[5] The alleged stalking, harassment, slander and abuse of authority are governed by state law; this alleged misbehavior does not constitute a deprivation of rights guaranteed by the United States Constitution. Since the Court has dismissed the Federal claims against Head, it will not assume supplemental jurisdiction over any state law claims against Head. Accordingly, George Head is again

---

[5] Plaintiff's pleadings indicate that she has made reports to the New York State Commission on Judicial Conduct ("NYSCJC") concerning Defendant Head's misbehavior and an NYSCJC investigation is ongoing. Plntf's Mem. of Law (Dkt. No. 7) at 20.

dismissed as a defendant to this action.

**F.     Edward Bezio**

Plaintiff again names Edward Bezio as a defendant. Plaintiff was previously advised that, because the alleged wrongdoing by Bezio took place in 2003, the allegations against Bezio were time-barred.[6] Plaintiff again alleges claims against Bezio which occurred in 2003. Dkt. No. 7 at 10-12. Accordingly, Bezio is dismissed as a defendant.

**G.     The State of New York**

Plaintiff has named the State of New York as a defendant and seeks monetary damages against it for its failure to take corrective action against allegedly known abuses by the Village of Keeseville. The Eleventh Amendment prohibits suits against the state in federal court for monetary damages. See U.S. Const. Amend. XI; Hans v. Louisiana, 134 U.S. 1 (1890); Farid v. Smith, 850 F.2d 917, 920-21 (2d Cir. 1988); Amankwaah v. Cayuga County, No. 92-CV-1103, 1992 WL 296459 at *2-3 (N.D.N.Y. Oct. 16, 1995) (McCurn, C.J.). Accordingly, the State of New York is dismissed as a defendant.

**WHEREFORE**, it is hereby

**ORDERED**, that the allegations set forth in paragraphs 19 through 36 of Plaintiff's second amended complaint are **DISMISSED as time-barred**, and it is further

**ORDERED**, that plaintiff's claims pursuant to 42 U.S.C. §§ 1985 and 1986 are **DISMISSED for failure to state a claim**, and it is further

---

[6] The statute of limitations for § 1983 actions is three years. See Pinaud v. County of Suffolk, 52 F.3d 1139, 1156 (2d Cir. 1995). Plaintiff's original complaint was filed on April 26, 2007. Dkt. No. 1. All of plaintiff's claims pursuant to 42 U.S.C. §§ 1985 and 1986 have been dismissed. See Subsections I (C) and (D), *supra.*

**ORDERED**, that Kathryn Wilson Smith; Kenneth L. Smith; Donald E. Loreman, Sr.; Carolyn Loreman; Evan Bracy; Niles, Piller, & Bracy; Robert B. Davis; Thomas G. Tobin, Sr.; George Head; Edward Bezio; and the State of New York are **DISMISSED** as defendants,[7] and it is further

**ORDERED**, that the Clerk shall issue summonses and forward them, along with copies of the second amended complaint and packets containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, to the United States Marshal for service upon the remaining Defendants; and it is further

**ORDERED**, that a formal response to plaintiff's second amended complaint be filed by Defendants or their counsel as provided for in the Federal Rules of Civil Procedure subsequent to service of process on the defendants; and it is further

**ORDERED**, that the Clerk is directed to schedule a Rule 16 conference before the assigned magistrate judge, and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be returned, without processing.**

---

[7] Since the Court has dismissed the Federal claims against these defendants, it will not assume supplemental jurisdiction over any state law claims against these defendants.

Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED:   August 09, 2007
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge