UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KAREN MARIE ADAMS,
f/k/a KAREN MARIE DAVIS

                Plaintiff,

  -against-

                                              8:07-CV-00452
                                                (LEK/RFT)

MARK J. WHITNEY, *in his individual capacity and*
*as Mayor of the Village of Keeseville;*
WILLIAM O'CONNOR, *in his individual capacity and*
*as Mayor of the Village of Keeseville;*
THE VILLAGE OF KEESEVILLE; *and*
STANDARD FEDERAL BANK *as successor by merger*
*to ABN AMRO Mortgage Group*, *it successors in interest,*
*agents and/or assigns, Agent for Sec'y of Housing & Urban Development*,

                Defendants.[1]

## DECISION AND ORDER

      On December 5, 2007, Plaintiff Karen Marie Adams ("Plaintiff"), *pro se*, moved for a temporary restraining order and an order for Defendant Standard Federal Bank ("SFB"), successor by merger to ABN AMRO Mortgage Group, to show cause why a preliminary injunction should not issue to prevent SFB from taking further action to evict Plaintiff from her home at 20 Thompson Road, Keeseville, NY ("Plaintiff's home").[2] See Motion (Dkt. No. 38). The Court granted

---

[1] This case was referred to in earlier court papers as Adams v. Smith; however, several Defendants to the original action, including Smith, were terminated by an earlier Order of this Court. See August 9, 2007 Order (Dkt. No. 11).

[2] Defendants Mark Whitney, William O'Connor, William Seaver, and the Village of Keeseville indicated via letter that they take no position with respect to the present Motion. See December 10, 2007 Letter (Dkt. No. 44).

1

Plaintiff's Motion for a temporary restraining order on December 5, 2007. See Order December 5, 2007 (Dkt. No. 39). The show cause hearing was held on January 8, 2008.[3] See Minute Entry (Dkt. No. 56). The Court reserved judgment, and now holds that Plaintiff's Motion for a preliminary injunction must be denied.

## I. Discussion

### A. Preliminary Injunction Standard

A party seeking a preliminary injunction bears a heavy evidentiary burden before a court will issue this form of relief. The Second Circuit has stated that "[a] party seeking injunctive relief ordinarily must show: (a) that it will suffer irreparable harm in the absence of an injunction and (b) either (i) a likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." Tom Doherty Assoc., Inc. v. Saban Entm't, 60 F.3d 27, 33 (2d Cir. 1995). A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Moore v. Consol. Edison Co., 409 F.3d 506, 510 (2d Cir. 2005) (citation omitted). Furthermore, "[a] decision to grant or deny a preliminary injunction is committed to the discretion of the district court." Polymer Techn. Corp. v. Mimran, 37 F.3d 74, 78 (2d Cir. 1994).

### B. Application of the Standard

#### 1. Irreparable Harm

Plaintiff shows that she will suffer irreparable harm absent a preliminary injunction.

---

[3] The show cause hearing was originally scheduled for December 18, 2007, but was adjourned to this later date, with the temporary restraining order remaining in effect, based on a letter request from Defendant SFB. Letter Request December 7, 2007 (Dkt. No. 43).

Plaintiff is seeking to enjoin Defendants from evicting her from her home.  See Motion (Dkt. No. 38).  All indications are that she has thoroughly exhausted state court avenues through which to further delay an eviction.  See infra.  The Court is sympathetic to the fact that being evicted from one's home is an extraordinarily painful ordeal.  The Court treads especially carefully in such sensitive areas, and therefore granted the Temporary Restraining Order to enable the Court to satisfy itself that eviction would not be improper or premature.  See Order December 5, 2007 (Dkt. No. 39).  Notwithstanding the foregoing, the standard for obtaining a preliminary injunction is an exacting legal standard, placing a heavy burden on Plaintiff.  Although she has satisfied the irreparable harm prong of the test, this alone is insufficient to allow the Court to grant a preliminary injunction.

   **2. Analysis of the Merits**

Plaintiff fails to meet her burden of persuasion with regard to the underlying merits of the case.  The present action asserts several breach of contract and tort claims against Defendants for acts allegedly committed in connection with a long series of events involving the mortgage on Plaintiff's home, held by SFB, and during the subsequent foreclosure and post-foreclosure proceedings.  See Second Am. Compl. (Dkt. No. 7).  Plaintiff asserts that a preliminary injunction is warranted based on evidence that allegedly demonstrates SFB committed various acts of harassment, fraud, and deception relating to the loan and subsequent foreclosure; and also based on alleged irregularities in the state court proceeding.  See Pl.'s Mem. (Dkt. No. 38, Attach. 2) at 1-5; Pl.'s Aff. (Dkt. No. 38, Attach. 2).  The Court has examined all of the evidence presented in relation to each of the grounds Plaintiff asserts in support of the present Motion.  Plaintiff has documented a protracted series of interactions surrounding the foreclosure and post-foreclosure proceedings.  However, she has not sufficiently substantiated her specific allegations against Defendants.  The

Court is not persuaded that Plaintiff is likely to succeed on the merits in this case.

Additionally, the hardships resulting from further injunctive relief do not clearly weigh in Plaintiff's favor, in light of the previous stays of eviction and lengthy litigation subsequent to the foreclosure judgment.  See Def.'s Resp. Mem. (Dkt. No. 52); August 28, 2008 Order, Index No. 234-03 (Dkt. No. 50, Attach. 2); August 28, 2008 Order, Index No. 234-03 (Dkt. No. 50, Attach. 2); August 10, 2007 Order for Writ of Assistance, Index No. 234-03 (Dkt. No. 50, Attach. 3); October 29, 2007 Order, Index No. 234-03 (Dkt. No. 50, Attach. 9).

Furthermore, there are significant questions about whether collateral estoppel will bar any or all of Plaintiff's claims.  As a result, the Court is not persuaded that there are "sufficiently serious questions going to the merits to make them a fair ground for litigation."  See Tom Doherty Associates, 60 F.3d at 33.  The New York State Supreme Court, Essex County, presided over the foreclosure and sale proceedings of Plaintiff's home, and in protracted post-judgment litigation, it appears that Plaintiff Adams raised most, if not all, of these factual allegations.  The state court considered these claims and ultimately declined to disturb the foreclosure judgment.  See August 28, 2008 Order, Index No. 234-03 (Dkt. No. 50, Attach. 2).  Plaintiff took an appeal to the Appellate Division, Third Department, which denied Plaintiff's motion for a stay of eviction.  October 31, 2007 Order, Case # 503352 (Dkt. No. 51, Attach. 9).  While the state court decisions do not necessarily preclude the Court from issuing preliminary injunctive relief at this moment, the Court finds that, at minimum, the state decisions carry persuasive value.[4]  See August 28, 2008 Order, Index No. 234-03 (Dkt. No. 50, Attach. 2); Pl.'s Aff. (Dkt. No. 38, Attach. 3) at ¶¶ 11, 15-17.

---

[4] The Court reserves judgment as to the application of the doctrines of collateral estoppel and res judicata.

4

### III. Conclusion

The Plaintiff is not entitled to preliminary injunctive relief. Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiff's application for a preliminary injunction (Dkt. No. 38) is hereby **DENIED**; and it is further

**ORDERED**, that the Temporary Restraining Order (Dkt. No. 39) issued by the Court on December 5, 2007 is hereby **DISMISSED**;

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:   January 18, 2008
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge