UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KAREN MARIE ADAMS,

                          Plaintiff,

   -against-                                         8:07-cv-00452 (LEK/RFT)

DONALD E. LOREMAN, SR.;
CAROLYN LOREMAN; MARK J.
WHITNEY; WILLIAM SEAVER; THE
VILLAGE OF KEESEVILLE; and
WILLIAM O'CONNER,

                          Defendants.

**MEMORANDUM-DECISION and ORDER**

**I.    INTRODUCTION**

Presently before the Court are four Motions filed by Plaintiff Karen Marie Adams ("Plaintiff" or "Adams") pertaining to the above-captioned matter. First is Plaintiff's Motion, filed on December 6, 2010, seeking a preliminary injunction and appointment of counsel. Dkt. No. 227 ("P.I. Mot.").[1] Second, on December 9, 2010, Plaintiff filed a Motion under seal seeking leave to proceed *in forma pauperis* as well as appointment of counsel. Dkt. No. 232 ("IFP Application").[2] Third, Plaintiff filed a Motion to join Vern D. Witherbee ("Witherbee") as a plaintiff on March 28, 2011, pursuant to Federal Rule of Civil Procedure 20(a)(1). Dkt. No. 255 ("Motion for joinder"). Finally, Plaintiff now seeks to withdraw her Motion for joinder without prejudice. Dkt. No. 266 ("Motion for withdrawal"). In addition to opposing the Motion for joinder, Defendants Donald E.

---

[1] Plaintiff's Motion also sought a temporary restraining order ("TRO"), which the Court denied on December 7, 2010. See P.I. Mot.

[2] Because Plaintiff requests appointment of counsel in multiple Motions, the Court will treat her request for counsel separately. See P.I. Mot.; IFP Application.

Loreman, Sr. and Carolyn Loreman (collectively, "the Loreman Defendants") filed a Cross-Motion for sanctions against Plaintiff under Federal Rule of Civil Procedure 11. Dkt. No. 257 ("Motion for sanctions").

## II. BACKGROUND

The Court presumes the parties' familiarity with the lengthy factual and procedural background of this case as set forth in the Memorandum-Decision and Order dated September 1, 2010. Adams v. Smith, No. 8:07-cv-452, 2010 WL 3522310 (N.D.N.Y. Sept. 1, 2010) (Kahn, J.) ("September 2010 Order"). Although the September 2010 Order dismissed a number of the claims and Defendants enumerated in Plaintiff's most recent Third Amended Complaint (Dkt. No. 57) ("Complaint"), the Court permitted the case to proceed against the Loreman Defendants; the Village of Keeseville, New York ("Village"); Defendant Mark J. Whitney, the former mayor of the Village; and Defendants William O'Connor and William Seaver, both former Village employees (collectively, "the Village Defendants"). Id. at *21. Specifically, the Court permitted Plaintiff to proceed with her claims against these Defendants that were grounded in: (1) alleged deprivations of, and conspiracy to deprive Plaintiff of, Plaintiff's due process rights (both procedural and substantive) in violation of 42 U.S.C. § 1983; (2) breach of an implied covenant of good faith and fair dealing; and (3) intentional infliction of emotional harm. Id.

## III. DISCUSSION

### A. P.I. Motion

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). In this Circuit, a court shall grant a motion for a preliminary injunction only where the party seeking the injunction can

2

show "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." NXIVM Corp. v. Ross Institute, 364 F.3d 471, 476 (2d Cir. 2004); Faiveley Transp. Malmo AB v. Wabtec Corp, 559 F.3d 110, 116 (2d Cir. 2009). "Such relief . . . is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Moore v. Consol. Edison Co. of New York, Inc., 409 F.3d 506, 510-511 (2d Cir. 2005) (quotations and citations omitted).

Plaintiff seeks injunctive relief pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq*. P.I. Mot. at 1-5. Plaintiff's P.I. Motion, like her Complaint, "sets forth a highly involved factual history . . . and alleges a wide-ranging course of wrong-doing by various Defendants over a period of years." Adams, 2010 WL 3522310, at *1. However, the specific harm that Plaintiff's Motion seeks to prevent appears to be eviction from her former home at 19 Pulitzer Way, Au Sable Forks, New York, pursuant to a jury verdict in town court in Essex County that was affirmed in Essex County Court and again by the Appellate Division. See P.I. Mot. at 3; Dkt. No. 227-3 (Proposed order/judgment); Declaration of William T. Meconi (Dkt. No. 244-2) ("Meconi Decl.") ¶¶ 7-9.[3]

---

[3] William Meconi ("Meconi"), who is not a party to this action, represented the owner of the property from which Plaintiff was evicted in the eviction proceedings in Essex County. Meconi Decl. ¶ 7. In Plaintiff's "RICO Case Statement" submitted pursuant to N.D.N.Y. General Order 14, she claims that Meconi is part of the alleged RICO enterprise, "filed openly false documents" against her during the eviction proceedings, and "arranged through ex parte communications with the local county and town justices for further damages and judicial advantages." Dkt. No. 227-2 ("RICO Case Statement") at 2, 5-6. She also claims that Meconi has committed wire fraud, retaliated against her as "a witness or informant," engaged in monetary transactions in property derived from unlawful activity, "collect[ed] . . . extensions of credit by extortionate means," and

3

Plaintiff's Motion is denied.  First and foremost, the Court has repeatedly made clear to Plaintiff that she may not continue to assert any claims against parties beyond those claims and parties that are presently before the Court pursuant to the September 2010 Order.  As the Court stated in the September 2010 Order denying Plaintiff leave to file a Motion to supplement her pleadings (Dkt. No. 199):

> Plaintiff's Motion to supplement or amend will almost certainly cause undue prejudice and delay, and the substance of her filing suffers from futility, as well.  The viable claims raised by Plaintiff concern alleged conduct by the Village Defendants and Loremans that has already transpired.  There is simply no reason for additional allegations with no clear relationship to those claims and that conduct to be allowed in iteration of Plaintiff's Complaint.

Adams, 2010 WL 3522310, at *21.  The Court also refers Plaintiff to the Compliance Order dated January 3, 2011, in which Plaintiff was advised to review the September 2010 Order, as it "clearly establishes the parties to this action and the claims remaining against them" and "prohibits further amendment to Plaintiff's Complaint."  Dkt. No. 245 ("Compliance Order").  Plaintiff's claims in her most recent P.I. Motion and her accompanying RICO Case Statement appear primarily concerned with her more recent eviction proceedings in Essex County, and bear no clear relation to the specific complained-of conduct in the Third Amended Complaint that is the subject matter of this litigation.  Plaintiff's P.I. Motion contravenes previous Orders of the Court advising her not to file further claims or attempt to add more parties to this case, and dismissal is warranted on that basis alone.

Further, because Plaintiff was evicted from the premises in question on December 28, 2010,

---

obstructed justice and criminal investigations.  Id. at 7-9.  Meconi has filed his own Opposition to Plaintiff's Motion and denies all of her allegations.  Meconi Decl. ¶ 15.  Plaintiff has previously sought injunctive relief against Meconi despite his being a non-party; the Court also denied her earlier Motion for injunctive relief against Meconi by Order dated August 7, 2009.  Dkt. No. 198.

her Motion is now moot. Meconi Decl. ¶13; see also Adams v. Standard Fed. Bank, 371 F. App'x 187, 188 (2d Cir. 2010) (citing White River Amusement Pub., Inc. v. Town of Hartford, 481 F.3d 163, 167 (2d Cir. 2007)), aff'g Adams v. Whitney, No. 8:07-cv-452, 2008 WL 189905 (N.D.N.Y. Jan. 18, 2008) (Kahn, J.) (denying Plaintiff's previous Motion (Dkt. No. 38) seeking to prevent her eviction from a different property). The Court therefore lacks jurisdiction to decide the Motion, and it must be dismissed on that basis as well. See Arizonans for Official English v. Ariz., 520 U.S. 43, 66-67 (1997) (question of whether there is a "live" case or controversy relates to the Court's Article III jurisdiction and not to the merits of the case).

Finally, "[i]n order to state a civil RICO claim grounded in fraud, a plaintiff must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b)." MLSMK Inv. Co. v. JP Morgan Chase & Co., 737 F. Supp. 2d 137, 142 (S.D.N.Y. 2010) (citation and quotation omitted); FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). The Court concluded in the September 2010 Order that Plaintiff's Complaint failed to meet this pleading standard in alleging claims of fraud against the Village Defendants and the Loremans, the only remaining Defendants in this action. Adams, 2010 WL 3522310, at *10, *18. Nothing in the present P.I. Motion or RICO Case Statement warrants a departure from that conclusion. For all of the foregoing reasons, Plaintiff has failed to meet the high standard required for a preliminary injunction, and her P.I. Motion is therefore denied.

**B. Motions for Joinder and Withdrawal**

Although Plaintiff previously sought to join Witherbee as a party in this action, she now seeks to withdraw her Motion for joinder on the grounds that: (1) she lacks "adequate training and knowledge to understand how best to proceed in this matter"; and (2) Witherbee "has been elusive"

5

since Plaintiff filed her Motion for joinder. Mot. for withdrawal at 2. Defendants have indicated that they oppose Plaintiff's Motion to withdraw to the extent that she seeks to withdraw it without prejudice. Dkt. No. 274 ("Village Response") at 1.

"Leave to withdraw a motion without prejudice may be granted in the absence of a showing of prejudice to other parties." Medina v. N.Y. State Dep't of Corr. Servs., No. 03 Civ. 9249, 2004 WL 2397193, at *4 n.1 (S.D.N.Y. Oct. 26, 2004) (citing Harris v. Butler, 961 F. Supp. 61, 62 (S.D.N.Y. 1997)). Defendants have not made such a showing in their Responses, and therefore the Court will allow Plaintiff to withdraw her Motion for joinder without prejudice in this instance.[4] See Loremans' Resp. Mem. at 2-3; Village Resp. at 1. However, the Court reiterates its previous directives that Plaintiff is not permitted to add any further claims or parties to this action, and may be sanctioned if she continues to attempt to do so. Should Plaintiff file any further motions for joinder or otherwise attempt to incorporate additional claims or parties into this litigation, those submissions may be subject to dismissal with prejudice.

**C. Motion for Sanctions**

The Loreman Defendants have filed a Motion for sanctions against Plaintiff pursuant to Rule

---

[4] The Loreman Defendants argue that Plaintiff lacks standing to withdraw the Motion for joinder because the Motion "was brought by both Plaintiff and Mr. Witherbee." Loreman Defendants' Memorandum of law in opposition to Plaintiff's motion to withdraw motion for joinder (Dkt. No. 271) ("Loremans' Resp. Mem.") at 2-3. Defendants do not cite any law in support of this argument, nor has the Court found any. Nonetheless, in the nearly ten months that have elapsed since Plaintiff filed her Motion for withdrawal, Witherbee has neither opposed this Motion nor made any appearances whatsoever in this litigation since the Motion for joinder was filed on March 28, 2011. Indeed, Plaintiff bases her Motion for withdrawal in part on the fact that Witherbee has not been in contact with either her or the Court. See Mot. for withdrawal at 2. For these reasons, the Court finds that granting Plaintiff's Motion for withdrawal is appropriate at this time. FED. R. CIV. P. 21 (granting district courts broad discretion "at any time, on just terms," to add or drop parties).

11, including dismissal of this action with prejudice as well as attorneys' fees. Mot. for sanctions at 1. Rule 11 authorizes a district court to impose sanctions on a party for filing submissions that, *inter alia*: (1) are filed for an improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) contain claims and arguments unsupported by law; or (3) contain factual contentions that lack evidentiary support or are unlikely to have evidentiary support "after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b)(1)-(3). Additionally, in order to demonstrate a Rule 11 violation, the moving party must make "a showing of objective unreasonableness" on the part of the attorney or unrepresented party that made the submission in question. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 579 F.3d 143, 150 (2d Cir. 2009) (quoting Ted Lapidus, S.A. v. Vann, 112 F.3d 91, 96 (2d Cir. 1997)).

Even if the Court were to conclude that Plaintiff has violated Rule 11(b), Rule 11 also requires that "[a] sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct." FED. R. CIV. P. 11(c)(4). Plaintiff's conduct in this litigation has frequently been difficult and may fairly be said to have unnecessarily delayed the progress of this case. Such difficulty and delay is partly due to Plaintiff's *pro se* status (a factor that compels leniency) and partly due to her refusal to comply with the Court's repeated Orders to refrain from asserting claims against nonparties to this action (a factor that compels sanctions). See Adams, 2010 WL 3522310, at *21; Compliance Order ("Should Plaintiff continue to assert claims against parties previously dismissed, or against persons or entities not party to this action, she shall be sanctioned.").

However, Plaintiff's conduct has not been so improper as to warrant dismissal of the case in its entirety, especially in light of the Court's findings that she has set forth plausible claims for

relief. And, as Plaintiff "is proceeding *pro se* and *in forma pauperis*, 'this is not a case where monetary sanctions would be reasonable.'" Griffith v. Stewart, No. 10 CV 6066, 2011 WL 6780903, at *2 (E.D.N.Y. Nov. 10, 2011) (report-recommendation) (quoting Quiles v. Beth Israel Med. Ctr., 168 F.R.D. 15, 19 (S.D.N.Y. 1996)), adopted, 2011 WL 6812567 (E.D.N.Y. Dec. 27, 2011).

Another sanction that the Court may impose is an injunction preventing Plaintiff from filing further motions without first obtaining leave of the Court. In determining whether to grant a filing injunction, courts must consider: (1) "the litigant's history of litigation and whether it entailed vexatious, harassing, or duplicative lawsuits"; (2) "whether the litigant has an objective good faith expectation of prevailing"; (3) whether the litigant has counsel; (4) "whether the litigant has caused needless expense to other parties or an unnecessary burden on the courts and their personnel"; and (5) whether other sanctions may suffice to protect the courts and other parties. Iwachiw v. New York City Bd. of Elections, 126 F. App'x 27, 28 (2d Cir. 2005) (citing Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

The fourth of these factors does weigh somewhat in favor of issuing a filing injunction, as a number of Plaintiff's filings have contravened multiple Orders of the Court and have caused needless expense to other parties in responding to those filings. Additionally, as noted above, Plaintiff waited until the day Defendants' Response to her Motion for joinder was due to file her Motion to withdraw the previous Motion.

However, consideration of the remaining factors counsels against imposing so drastic a sanction as a filing injunction at this stage. Plaintiff does not have any history of filing "vexatious, harassing, or duplicative" lawsuits in federal court; she has been proceeding *pro se*, and the Court

8

has found that her position has at least some merit. Moreover, as addressed below, the Court will conditionally grant Plaintiff's request for appointment of counsel, and therefore will not accept future filings from her. While this is not a sanction *per se*, it may effectively deter the conduct of which Defendants complain here. The Court therefore declines to issue a filing injunction at this time and denies Defendants' Motion for sanctions without prejudice to renew. However, Plaintiff is advised that should she persist in asserting claims against parties not already present before the Court, she may be enjoined from filing further motions in this case without obtaining leave from the Court.

### D. Requests to Strike

The Village Defendants argue that Plaintiff's RICO Case Statement should be stricken from the docket pursuant to Rule 11 of the Federal Rules of Civil Procedure, on the grounds that it "is vexatious" and "lacks proper foundation." Village Defendants' Memorandum of law in opposition to Plaintiff's motion for joinder (Dkt. No. 268-1) ("Defs.' Opp. Mem. to Mot. for joinder") at 8. Likewise, the Loreman Defendants seek to strike all of Plaintiff's RICO-related filings, as well as Plaintiff's Motion for joinder. Dkt. No. 257.

The Court denies both of these requests. First, the Village Defendants erroneously conflate Rule 11 and Rule 12(f) of the Federal Rules. Rule 11 does not permit a court to strike a party's factual allegations from the record; "[o]n the contrary, the remedy for a Rule 11 violation is an award of sanctions." Bye v. Connecticut, No. 3:09cv2052, 2011 WL 1271690, at *1 (D. Conn. Apr. 5, 2011) (citing FED. R. CIV. P. 11).

Second, even construing both requests as brought pursuant to Rule 12(f), which authorizes courts to strike from pleadings "any redundant, immaterial, impertinent or scandalous matter,"

Defendants' Motions fail. FED. R. CIV. P. 12(f). A Rule 12(f) motion must be denied unless the moving party can show "that no evidence in support of the allegation would be admissible." Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976); see also CreditSights, Inc. v. Ciasullo, No. 05 CV 9345, 2008 WL 4185737, at *21 (S.D.N.Y. Sept. 5, 2008). "Because a court should avoid making evidentiary findings solely on the basis of pleadings," granting a Rule 12(f) motion to strike is inadvisable absent a strong reason for doing so. Kirkland v. Local 32B/32J, Int'l Serv. Workers Union, No. 90 CIV. 2238, 1990 WL 134863, at *5 (S.D.N.Y. Sept. 10, 1990) (quoting Lipsky, 551 F.2d at 893) (quotation marks and other citations omitted). Courts therefore "are generally reluctant to grant motions to strike . . . even if portions of the answer fit into the provisions of Rule 12(f)." Schanbarger v. Hudson Falls, No. 88-CV-1208, 1990 WL 146384, at *1 (N.D.N.Y. Oct. 1, 1990) (citing Bennett v. Spoor Behrins Campbell & Young, Inc., 124 F.R.D. 562, 564 (S.D.N.Y. 1989); Budget Dress Corp. v. Int'l Ladies' Garment Workers' Union, 25 F.R.D. 506, 508 (S.D.N.Y. 1959)).

Here, Defendants have failed to provide sufficient justification for striking Plaintiff's submissions from the record. Some of the passages in Plaintiff's submissions may well fall within the ambit of Rule 12(f)'s prohibition of immaterial and impertinent matter. Nonetheless, the Court cannot discern a strong reason for striking her submissions and deems it sufficient to dismiss her Motions for the reasons discussed above. See Kirkland, 1990 WL 134863, at *5. Nor do Plaintiff's submissions appear to be "redundant or scandalous to the degree to contemplated by Rule 12(f)." Id. (denying motion to strike plaintiff's detailed factual allegations of events prior to and following termination of his employment). Accordingly, Defendants' requests to strike are denied.

**E. Request for Counsel**

In determining whether to appoint counsel for an indigent party in a civil case, "the district judge should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). If so, the court should then consider the "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989); see also N.D.N.Y. L.R. 83.3(c). Lastly, in determining whether to appoint counsel, "a district court exercises substantial discretion, subject to the requirement that it be guided by sound legal principles." Cooper, 877 F.2d at 171-72 (citation and quotation omitted).

Plaintiff previously submitted a Motion to appoint counsel (Dkt. No. 145) that was denied without prejudice to renew by United States Magistrate Judge Randolph F. Treece in an Order dated August 25, 2008. Dkt. No. 146 ("August 2008 Order"). In the August 2008 Order, Judge Treece found that Plaintiff had sufficiently demonstrated her inability to secure counsel on her own. Id. at 1. However, Judge Treece denied her Motion because: (1) the litigation was "not overly complex"; (2) "Plaintiff has been able to effectively litigate this action"; and (3) there was no "special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation." Id. at 2.

As the August 2008 Order was issued prior to the Court's decision on Defendants' Motions to dismiss, Judge Treece appropriately denied Plaintiff's Motion to appoint counsel given the procedural posture of the case. And a plaintiff's motion for counsel may be denied where, even though her "allegations have merit insofar as they have survived a motion to dismiss[,] . . . the case does not present novel or overly complex issues." Castro v. Manhattan East Suite Hotel, 279 F.

11

Supp. 2d 356, 357 (S.D.N.Y. 2003). However, the portions of Plaintiff's Complaint upon which the Court has permitted her to proceed "depict[] the systematic and protracted allegations of various Village official[s] [and the Loremans] working in concert to potentially deprive her of property without due process." Adams, 2010 WL 3522310, at *12, *18. As "Plaintiff's Complaint sets forth a highly involved factual history for her action and alleges a wide-ranging course of wrong-doing by various Defendants over a period of years," id. at *1, the Court finds it appropriate at this juncture to grant her request for appointment of counsel. See Vargas v. City of New York, No.97Civ.8426, 1999 WL 486926, at *2 (S.D.N.Y. July 9, 1999) (appointing counsel because the plaintiff's case "involves factual disputes concerning [D]efendants' conduct, which will consequently turn on conflicting evidence, and thus require cross-examination testimony"); see also Kelly v. Am. Museum of Natural History, 98 Civ. 3589, 1998 WL 717446, at *1 (S.D.N.Y. Oct. 14, 1998) (granting counsel where plaintiff's "case will certainly involve factual disputes and is likely to depend on conflicting evidence that requires cross-examination"). Appointing Plaintiff counsel in this case "may greatly assist [Adams]–an inexperienced litigant–through the discovery process and through trial, leading to a 'quicker and more just result by sharpening the issues and sharpening examination.'" Kelly, 1998 WL 717446, at *1 (quoting Hodge, 802 F.2d at 60); see also Hodge, 802 F.2d at 60 ("[I]t is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross-examination.") (quoting Maclin v. Freake, 650 F.2d 885, 888 (7th Cir. 1981)) (quotation marks omitted).

Accordingly, the Court hereby appoints attorney James M. Brooks of the Office of James M. Brooks, Lake Placid, New York, to represent Plaintiff *pro bono* in this matter. However, Plaintiff's Motion to appoint counsel is granted only conditionally. The Court will not entertain future motions

from Plaintiff to appoint a new attorney, should Plaintiff become dissatisfied with the attorney appointed for her pursuant to this Order. If Plaintiff files any such motions, the Court will decline to appoint another attorney and require Plaintiff to return to proceeding *pro se*.

Furthermore, Plaintiff is cautioned not only to consult with her counsel in this case, but "to understand that it is he who is the legal professional in this relationship." Stanley v. City of Centreville, No. 08-cv-622, 2009 WL 1343287, at *2 (S.D. Ill. May 12, 2009). Plaintiff's attorney "maintains an ethical obligation to fully and vigorously represent his client, but only to the extent that it does not impede his ethical obligation to follow the rules of the Court and the law." Id. at *3. As a result, counsel may likely, from time to time, advise Plaintiff against taking a certain course of action. And, while Plaintiff may not agree with his advice, the Court advises Plaintiff to understand that that advice will likely be in her best interest to follow in order to comply with the law. If Plaintiff wants to be represented by an attorney, she must cooperate fully with that attorney. See id. at *2-3. So long as Plaintiff is represented by counsel, the Court will not accept any filings from the Plaintiff individually. See id. at *3.

**F. IFP Application**

Finally, the Court notes that Plaintiff previously filed an IFP Application at the commencement of this litigation and that the Court granted said Application by Memorandum-Decision and Order dated May 24, 2007. See Dkt. No. 5. Nothing in the record supports any inference that Plaintiff was required to submit a second IFP Application, and the second Application indicates that Plaintiff still meets the financial criteria necessary to proceed *in forma pauperis*. See IFP Application. Accordingly, Plaintiff may still proceed *in forma pauperis*, but her current

Application is dismissed as moot.[5]

IV.   **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for preliminary injunctive relief and for appointment of counsel (Dkt. No. 227) is **DENIED in part and GRANTED in part**, consistent with this Memorandum-Decision and Order; and it is further

**ORDERED**, that attorney James M. Brooks is **APPOINTED** to represent Plaintiff *pro bono* in this matter;[6] and it is further

**ORDERED**, that Plaintiff's Motion to withdraw (Dkt. No. 266) her Motion for joinder is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Motion for joinder (Dkt. No. 255) is **DENIED as moot and without prejudice**; however, Plaintiff is advised that should she file any further motions for joinder or otherwise attempt to incorporate additional claims or parties into this litigation, those

---

[5] The Court notes that, when filing her IFP Application, Plaintiff also enclosed a letter to the Court stating that she was filing her "updated application to proceed without paying fees or costs to be filed per [the Court's] text order of December 7, [2010]." Dkt. No. 232. However, the text order that Plaintiff references merely advises Plaintiff "that she may also update her statement of need" in conjunction with any request for counsel. In any event, while the Court grants Plaintiff's Motion for counsel as discussed above, her IFP Application is dismissed as moot because Plaintiff has already been granted IFP status.

[6] Counsel is advised that funds for the reimbursement of his expenses are limited to $2,000, absent extraordinary circumstances. N.D.N.Y. L.R. 83.3(g). The Court retains discretion to grant, deny, or reduce a request made by counsel seeking more than $2,000 without the Court's prior approval. See id. Although an appointed attorney may not recover attorneys' fees from the District Court's Pro Bono Fund, the Court may award an appointed attorney for a prevailing party's attorney's fees from the judgment or settlement to the extent that the applicable law permits. Id. 83.3(h). For more information on reimbursement for expenses, counsel is advised to consult the Local Rules.

submissions may be subject to dismissal with prejudice and Plaintiff herself may be subject to sanctions; and it is further

**ORDERED**, that Defendants' Motion for sanctions (Dkt. No. 257) is **DENIED without prejudice**; and, should Plaintiff continue to assert claims against parties previously dismissed, or against persons or entities not party to this action, she shall be subject to sanctions, including a filing injunction; and it is further

**ORDERED**, that Defendants' requests to strike are **DENIED**; and it is further

**ORDERED**, that Plaintiff's Application to proceed *in forma pauperis* (Dkt. No. 232) is **DENIED as moot**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:    February 21, 2012
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge